UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

DARRYL A. ROBINSON #172898,

        Plaintiff,                      Case No. 2:05-cv-255

v.                                          Honorable R. Allan Edgar

RICK WERTENAN, et al.,

        Defendants.
_____/

**OPINION DENYING LEAVE**
**TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES**

Plaintiff Darryl A. Robinson has filed an appeal of this Court's order denying motion for reconsideration. Because Plaintiff has filed at least three lawsuits which were dismissed as frivolous, he is barred from proceeding *in forma pauperis* on appeal under 28 U.S.C. § 1915(g). The court will order Plaintiff to pay the $505.00 filing fee on appeal within twenty-eight days of this opinion and accompanying order, and if Plaintiff fails to do so, his appeal may be dismissed without prejudice.

**Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*,

106 F.3d 1281, 1286 (6th Cir. 1997).  For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint.  *Id.*  For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b).  The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit.  *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits.  Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal.  The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury."  The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder  and is *ex post facto* legislation.  *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998); *accord Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) (citing *Wilson*, 148 F.3d at 604-06); *Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v.*

*Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff has been an active litigant in the federal courts in Michigan, having filed over sixty civil actions in this Court alone. The Court has dismissed more than three of Plaintiff's lawsuits on grounds that they were frivolous, malicious, or failed to state a claim. *See Robinson v.Lesatz et al.*, No. 2:05-cv-217 (W.D. Mich. Nov. 7, 2005); *Robinson v. Luoma, No. 2:05-cv-218* (W.D. Mich. Nov. 7, 2005); *Robinson v. Kutchie et al.*, No. 2:05-cv-211 (W.D. Mich. Oct. 28,2005); *Robinson v. Snow et al.*, No. 2:05-cv-212 (W.D. Mich. Oct. 28, 2005); *Robinson v. Etelamaki et al.*, No. 2:05-cv-200 (W.D. Mich. Oct. 4, 2005); *Robinson v. Caruso et al.*, No. 2:05-cv-191(W.D. Mich. Sept. 21, 2005); *Robinson v. Meni et al.*, No. 2:05-cv-192 (W.D. Mich. Sept. 19, 2005);and *Robinson v. Etelamaki*, No. 2:05-cv-194 (W.D. Mich. Sept. 19, 2005). In addition, Plaintiff hasbeen denied leave to proceed in forma pauperis under the three-strikes rule in more than thirty previous actions filed in this Court.

In light of the foregoing, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this appeal. An order consistent with this memorandum opinion shall be entered by the Court.

Dated:  9/4/2014           */s/ R. Allan Edgar*
                           R. ALLAN EDGAR
                           UNITED STATES DISTRICT JUDGE

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
229 Federal Building
202 W. Washington Street
Marquette, MI 49855
**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**